1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GUSTAVO TORRES DE LA RIVA,

Petitioner,

vs.

KIM HOLLAND, Warden,

Respondent.

Case No.:  15CV0683-WQH(JMA)

**REPORT & RECOMMENDATION RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. No. 12]**

    Petitioner Gustavo Torres De La Riva ("Petitioner") has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. §2254.  (Doc. No. 1.) Respondent Kim Holland ("Respondent") has filed a Motion to Dismiss the Petition contending Petitioner's claims are untimely and time-barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d).  (Doc. No. 12.)  The Court, having reviewed the Petition, Motion to Dismiss, and all the supporting documents and lodgments submitted by the parties, hereby recommends the Motion to Dismiss be **GRANTED** and the Petition be **DISMISSED WITH**

1

**PREJUDICE**.

<h3 style="text-align:center">INTRODUCTION AND PROCEDURAL BACKGROUND</h3>

On August 18, 2008, a jury convicted Petitioner of two counts of forcible rape while acting in concert in violation of Cal. Penal Code §§ 261(a)(2) and 264.1; one count of forcible rape in violation of Cal. Penal Code § 261(a)(2); and one count of robbery in violation of Cal. Penal Code § 211. (Pet. at 1; Lodgment No. 8 at 1.) The jury found true the allegations that during the commission of the rapes, Petitioner moved the victim and substantially increased the risk of injury over and above the risk necessarily inherent in the underlying offense in violation of Cal. Penal Code. §§ 667.61(a), (c), and (d)(2). (Lodgment No. 8 at 1-2.) The jury further found true the allegations that Petitioner personally kidnapped the victim in violation of Cal. Penal Code §§ 207, 209, or 209.5, and personally used a dangerous or deadly weapon or firearm in the commission of the robbery in violation of Cal. Penal Code § 12022(a)(1). (Lodgment No. 8 at 2.) The trial court sentenced Petitioner to an indeterminate prison term of fifty years to life, plus a determinate term of eight years. (Id.)

Petitioner filed an appeal, in which he argued he received ineffective assistance from his attorney and was denied due process because the trial court failed to comply with Cal. Penal Code § 1093(f). (Pet. at 3). The California Court of Appeal reversed the conviction on count three and affirmed the trial court judgment in all other respects on September 27, 2010. (Lodgment No. 8 at 14.) Petitioner filed a Petition for Rehearing in the California Court of Appeal, which was denied on October 19, 2010. (Lodgment Nos. 11, 12.) Petitioner filed a Petition for Review in the California Supreme Court, which was denied on December 15, 2010. (Lodgment Nos. 13, 14.)

15CV0683-WQH(JMA)

On October 5, 2011, Petitioner constructively filed a Petition for Writ of Habeas Corpus in the California Supreme Court, alleging he received ineffective assistance of counsel and was denied due process because the trial court failed to comply with Cal. Penal Code § 1093(f).[1] (Pet. at 5; Lodgment No. 19.) On February 29, 2012, the California Supreme Court denied the petition. (Lodgment No. 20.)

On October 26, 2014, Petitioner constructively filed the instant Petition, in which he alleges the same claims previously raised before the state courts, namely that he received ineffective assistance of counsel and was denied due process. (Pet. at 6.)

## DISCUSSION

**A.   The Petition is Time-Barred Under AEDPA**

The statute of limitations under the AEDPA applies to Petitioner's presentation of claims in this Court. <u>Calderon v. U.S. District Court</u>, 128 F.3d 1283, 1286-87 (9th Cir. 1997), <u>as amended on denial of rhg. and rhg. en banc</u>, <u>cert. denied</u>, 522 U.S. 1099 (1998), <u>overruled on other grounds</u> in <u>Calderon v. U.S. District Court</u>, 163 F.3d 530 (9th Cir. 1998), <u>cert. denied</u>, 523 U.S. 1063 (1999).  Pursuant to 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

---

[1] Under the mailbox rule, a notice of appeal by a pro se prisoner is deemed filed when the prisoner delivers it to prison authorities for forwarding to the court's clerk because the prisoner is unable to control the time of delivery. See <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

15CV0683-WQH(JMA)

seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(A)-(D).

The conclusion of direct review of Petitioner's conviction occurred on December 15, 2010, when the California Supreme Court denied the petition for review. 28 U.S.C. § 2244(d)(1)(A). Adding the ninety days within which a petition for a writ of certiorari may be filed, the date on which Petitioner's conviction became final was March 15, 2011. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Accordingly, absent any applicable tolling, Petitioner had until one year later, March 15, 2012, to file his federal habeas petition. 28 U.S.C. § 2244(d)(1); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Because Petitioner did not file his federal habeas petition until October 30, 2014, over two years after the statute of limitations expired, the Court next analyzes whether Petitioner is entitled to statutory or equitable tolling.

///

4

**B.    Statutory Tolling**

The AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).  "An application for post-conviction review is pending while a California petitioner completes a full round of state collateral review, including during the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." Waldrip v. Hall, 548 F.3d 729, 724 (9th Cir. 2008) (citations and internal quotations omitted, emphasis in original).  In California, "[a]s long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." Evans v. Chavis, 546 U.S. 189, 193 (2006) (citing Carey v. Saffold, 536 U.S. 214, 222-23 (2002)).

Statutory tolling for the filing of an application for state post-conviction relief pursuant to 28 U.S.C. § 2244(d)(2) applies here because Petitioner filed a petition for writ of habeas corpus in the California Supreme Court before the statute of limitations expired. Calculation of the statute of limitations in this case, taking into account statutory tolling, is as follows. As explained above, the date on which Petitioner's conviction became final was March 15, 2011. Petitioner then had one year from that date, until March 15, 2012, in which to file his federal habeas petition. Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which

5

1   tolled the time from when Petitioner filed the petition on October 5, 2011

2   until February 29, 2012 (a total of 147 days), when the California Supreme

3   Court denied the petition. (Lodgment Nos. 19, 20.) Therefore, Petitioner

4   had until August 12, 2012 to file his federal habeas petition. Petitioner,

5   however, did not constructively file his federal habeas petition until October

6   26, 2014 (the date on which he signed the Petition), which rendered the

7   Petition over two years late. (Pet. at 6.) Accordingly, Petitioner's federal

8   petition is time-barred unless he is entitled to equitable tolling.

9   **C.   Equitable Tolling**

10          Equitable tolling of the one-year statute of limitations on habeas

11   petitions is permitted in the Ninth Circuit, but Petitioner bears the burden of

12   showing equitable tolling is appropriate.  Espinoza-Matthews v. State of

13   California, 432 F.3d 1021, 1026 (9th Cir. 2005).  Petitioner must establish

14   two elements: "(1) that he has been pursuing his rights diligently, and (2)

15   that some extraordinary circumstance stood in his way." Pace v.

16   DiGugliemo, 544 U.S. 408, 418 (2005). The diligence required is

17   "reasonable diligence," not "maximum feasible diligence." Holland v.

18   Florida, 560 U.S. 631, 653 (2010) (internal quotation marks omitted).

19   Equitable tolling is available only if some "external force" beyond the

20   Petitioner's direct control caused the untimeliness.  Velasquez v. Kirkland,

21   639 F.3d 964, 969 (9th Cir. 2011).  Equitable tolling is unavailable in most

22   cases, and "the threshold necessary to trigger equitable tolling . . . is very

23   high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d

24   1063, 1066 (9th Cir. 2002).

25          Petitioner first contends he is entitled to equitable tolling because he

26

27

6

15CV0683-WQH(JMA)

1   was in segregated facilities "for a long time." (Pet. Doc. No. 1 at 14-15.)

2   Here, Petitioner's placement in segregated facilities does not constitute

3   extraordinary circumstances because his placement was the direct result of

4   his admitted criminal actions: attempted homicide, battery on a peace

5   officer, and battery on a cellmate with a weapon. (Doc. No. 1 at 14-15.)

6   Furthermore, even if Petitioner's placement in segregated facilities did

7   constitute extraordinary circumstances, Petitioner fails to allege his

8   administrative segregation occurred during a period of time that would toll

9   the statute of limitations. Thus, the Court finds Petitioner's solitary

10  confinement does not constitute an extraordinary circumstance entitling him

11  to equitable tolling.

12          Petitioner also maintains he is entitled to equitable tolling because he

13  had "little or no access" to the law library. (Pet. Doc. No. 1 at 15.) There are

14  some circumstances where no access to necessary legal materials for

15  preparing a federal habeas petition, such as materials describing AEDPA,

16  may entitle a prisoner to equitable tolling. See Whalem/Hunt v. Early, 233

17  F.3d 1146, 1148 (9th Cir. 2000). However, prison officials may limit access

18  to the law library under certain circumstances, such as lockdowns or

19  administrative segregation, and thus such reasons generally do not qualify

20  as extraordinary circumstances. See Wilder v. Runnels, 2003 U.S. Dist.

21  LEXIS 19114, *9, 2003 WL 22434102 (N.D. Cal. Oct. 22, 2003).

22  Consequently, Petitioner's limited access to the law library as a result of his

23  solitary confinement does not constitute extraordinary circumstances for

24  two reasons. First, unlike the petitioner in Whalem/Hunt who had no access

25  to legal materials containing the AEDPA, Petitioner vaguely alleges "little to

26

27

15CV0683-WQH(JMA)

no" access to the law library. Second, also unlike the Petitioner in
<u>Whalem/Hunt</u>, Petitioner's conduct was the cause of his limited access to
the law library, as his admitted criminal actions which resulted in solitary
confinement.[2]

Lastly, Petitioner claims entitlement to equitable tolling because he
lost all of his legal documents. (Pet. Doc. No. 1 at 15.) "[E]quitable tolling
may be appropriate when a prisoner had been denied access to his legal
files." <u>Spitsyn v. Moore</u>, 345 F.3d 796, 801 (9th Cir. 2003) (citing <u>Lott v.
Mueller</u>, 304 F.3d 918, 924 (9th Cir. 2002)). Petitioner, however, has failed
to establish entitlement to equitable tolling under <u>Spitsyn</u> because he was
not denied access to his legal files, but rather "lost" his legal
documentation. Therefore, the Court rejects Petitioner's contention that
losing his legal documentation constitutes an extraordinary circumstance
entitling him to equitable tolling. In sum, Petitioner has failed to meet his
burden of proving extraordinary circumstances, and thus fails to meet the
first element for equitable tolling.

Petitioner has also failed to allege he exercised reasonable diligence
entitling him to equitable tolling, nor could he in light of the two year delay
in filing his federal habeas petition. Petitioner has thus not satisfied his
burden to prove entitlement to equitable tolling. <u>Espinoza-Matthews</u>, 432
F.3d at 1026.

///

---

[2] Petitioner also fails to identify a specific time period during which he had limited access to the
law library.

8

15CV0683-WQH(JMA)

## CONCLUSION & RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge finds Petitioner did not timely file his federal habeas petition under the AEDPA and failed to statutory or equitable tolling is appropriate given the facts of his case. Therefore, the Court hereby **RECOMMENDS** Respondent's Motion to Dismiss be **GRANTED** and the Petition be **DISMISSED WITH PREJUDICE**.

This Report and Recommendation is submitted by the undersigned Magistrate Judge to the United States District Judge assigned to this case, pursuant to the provisions of Title 28, United States Code, section 636(b)(1).

**IT IS ORDERED** that no later than <u>August 21, 2015</u>, any party to this action file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than <u>August 31, 2015</u>. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED: August 7, 2015

Jan M. Adler
U.S. Magistrate Judge

9

15CV0683-WQH(JMA)